**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 27, 2020**

# In the Court of Appeals of Georgia

A18A0739. LEE v. SMITH.

RICKMAN, Judge.

This case is here on remand from the Supreme Court of Georgia. In *Lee v. Smith*, 346 Ga. App. 694, 696-697 (1) (816 SE2d 784) (2018), this Court affirmed the trial court's exclusion of testimony from an expert defense witness in this personal injury case because the witness was not timely identified in compliance with a pretrial scheduling order. The Supreme Court of Georgia vacated our judgment, holding that the trial court abused its discretion by excluding the witness based solely on Lee's late identification of him and that the exclusion of the witness was harmful. See *Lee v. Smith*, 307 Ga. 815, 821-822 (2) (838 SE2d 870) (2020).

In so doing, the Supreme Court adopted the following test to be conducted by the trial court:

when determining whether to exclude a witness who was not timely identified in compliance with a pretrial scheduling, discovery, or case management order, a trial court should consider: (1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, (3) the prejudice to the opposing party if the witness is allowed to testify, and (4) whether a less harsh remedy than the exclusion of the witness would be sufficient to ameliorate the prejudice and vindicate the trial court's authority.

Id. at 824 (3).

In light of its adoption of the new test, the Supreme Court further held that, "[t]he parties should be given an opportunity to present evidence and argue how the factors . . . apply to this case, and the trial court must be given an opportunity to consider this issue again in light of [the Supreme Court's] decision." *Lee*, 307 Ga. at 825 (4). Then, "after considering [the] factors, [if] the trial court concludes again that Lee's expert witness should have been excluded, a new trial would be unnecessary, but that decision would still be subject to review on appeal for an abuse of discretion." Id. "If, however, the trial court concludes that the expert should not have been excluded under the circumstances, a new trial should be ordered." Id. Accordingly, we vacate the judgment and remand this case for the trial court to

2

reconsider its ruling in light of the factors and in a proceeding consistent with this opinion.

*Judgment vacated; case remanded. McFadden, C. J., and Markle, J., concur.*